UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

THE KEY WEST TOURIST
DEVELOPMENT ASSOCIATION, *a
Florida corporation*,

Plaintiff,

vs.  CASE NO.: 10-10100-CIV- KING

ZAZZLE, INC, *a California
corporation*, WILLIAM D. KINZEY, JR.
*a/k/a Wil D. Kinsey*,

Defendants.
_____/

## FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION

**THIS CAUSE** comes before the court on Plaintiff's Motion for Entry of Final Judgment and Order of Permanent Injunction (DE #39), filed February 6, 2012.

A.  Based on the Court's Order ruling in Plaintiff's favor on the one remaining issue of law (DE #38) and the stipulated facts found in the Joint Pre-Trial Stipulation (DE #33), Defendant's Answers to Plaintiff's Interrogatories (DE #37-1), and the admissions found in Defendant's Answer to Complaint (DE #22), the Court finds the following facts:

1.  The Key West Tourist Development Association, Inc. (KWTDA) is a Florida corporation having its principal place of business at 1111 12th Street, Suite 211, Key West, Florida, 33040;

2.  Defendant, William D. Kinzey, Jr. (KINSEY), born November 25, 1973, is a resident of Key West, Florida and resides at 714 Emma Street #2, Key West, Florida 33040-3282;

3.  At times material Defendant Kinsey was doing business in Key West, Florida and on the internet website known as www.zazzle.com;

4.  Defendant Kinsey used an interactive website that offered goods for sale in Key West, Florida;

1

5. Plaintiff is a non-profit corporation that has a primary goal to help economic growth and development in Key West, Florida;

6. Since at least 1979 Plaintiff has continuously promoted and marketed its annual festival services and clothing under the U.S. Registered trademark, FANTASY FEST;

7. FANTASY FEST is a cooperative effort between Plaintiff, the City of Key West, Florida and private businesses in Key West, Florida;

8. The FANTASY FEST festival attracts many hundreds of thousands of visitors each year to Key West, Florida;

9. In order to conduct the Fantasy Fest Festival, Plaintiff has to raise sufficient money to cover the costs of planning, arranging, and conducting the annual week-long festival;

10. Plaintiff relies on many local volunteers but also has some paid staff that does substantial work the year round planning the next festival;

11. Plaintiff raises money to cover the costs of the festival by selling sponsorships and by selling goods with T-shirts being the biggest seller;

12. The sales of T-shirts and other items contribute to the funding of the production of Fantasy Fest;

13. Fantasy Fest brings in millions of dollars to the businesses and merchants in Key West and is an important component of the Key West economy;

14. Each year Fantasy Fest creates a new theme for its festival and gives it a trademark;

15. The trademark for the 2010 Fantasy Fest is HABITAT FOR INSANITY;

16. Plaintiff has acquired common law trademark rights in its FANTASY FEST and HABITAT FOR INSANITY names and marks;

17. Plaintiff registered its FANTASY FEST mark with the United States Patent and Trademark Office on July 28, 1992 in International Class 41 for conducting a festival, and Plaintiff was issued U.S. Service Mark Registration No. 1,703,811;

18. The registered FANTASY FEST mark, Registration No. 1,703,811, remains in full force and effect and is valid through July 28, 2012;

19. The registered FANTASY FEST mark, Registration No. 1,703,811, has become incontestable;

20. Plaintiff registered its FANTASY FEST trademark with the United States Patent and Trademark Office on July 16, 1999 in International Class 25 for clothing, namely, T-Shirts, and Plaintiff was issued U.S. Trademark Registration No. 2,272,177;

21. The registered FANTASY FEST trademark, Registration No. 2,272,177, remains in full force and effect and is valid through July 16, 2019;

22. The registered FANTASY FEST mark, Registration No. 2,272,177, has become incontestable;

23. Plaintiff registered its FANTASY FEST trademark with the United States Patent and Trademark Office on September 2, 2003 in International Class 16 for Printed matter, namely posters, and Plaintiff was issued U.S. Trademark Registration No. 2,758,951;

24. The registered FANTASY FEST trademark, Registration No. 2,758,951, remains in full force and effect and is valid through September 2, 2013;

25. The registered FANTASY FEST mark, Registration No. 2,758,951, has become incontestable;

26. FANTASY FEST is registered with the state of Florida, Registration No. 925,823, as of January 5, 1982 in classes 35 and 42;

27. FANTASY FEST is registered with the state of Florida, Registration No. T03000000246, on February 26, 2003 in class 25 and Registration No. T10000001132 as of October 26, 2010 for clothing, t-shirts and hats;

28. FANTASY FEST is registered with the state of Florida, Registration No. T03000000247, on February 26, 2003 in class 16 and Registration No. T10000001131 as of October 26, 2010 for posters and printed matter;

29. FANTASY FEST is registered with the state of Florida, Registration No. T03000000248, as of February 26, 2003 in Class 41;

30. FANTASY FEST is registered with the state of Florida, Registration No. T03000000249, as of February 26, 2003 in class 9;

31. The FANTASY FEST mark is a famous mark;

32. Thirty-one years after Plaintiff started using, and years after Plaintiff registered its FANTASY FEST mark, Defendant Kinsey started selling goods and advertising under the name "fantasyfest" on the Zazzle web site;

33. Seventeen years after Plaintiff registered its FANTASY FEST mark, and ten months after Plaintiff began using its HABITAT FOR INSANITY mark, Defendant Kinsey began advertising HABITAT FOR INSANITY and "fantasyfest" goods on the

3

Zazzle web site using a variation of Plaintiff's FANTASY FEST and HABITAT FOR INSANITY marks.

34. The front page of the Key West Citizen newspaper published on November 1, 2009 announced HABITAT FOR INSANITY as the Fantasy Fest theme for 2010;

35. Zazzle operates zazzle.com as an online retail platform designed to enable individuals, professional artists, and major brands to create and offer products bearing trademarks;

36. Zazzle offers a wide range of blank products, such as t-shirts, mugs, buttons, etc., that users can customize;

37. Zazzle products can be purchased online at zazzle.com;

38. When a consumer searches for FANTASY FEST and HABITAT FOR INSANITY on an internet search engine like the Google search engine, Zazzle's website is at the top of the banner ads next to or in close proximity to Plaintiff's Fantasy Fest website;

39. Kinsey has used Fantasy Fest's trademarks in advertising its services and goods to the public;

40. Kinsey has identified his goods as "official" products of "HABITAT FOR INSANITY;"

41. Kinsey has used marks identical and confusingly similar to Plaintiff's trademarks in advertising his services and goods to the public;

42. Defendant Kinsey's goods have been offered in a manner to directly associate his goods with the FANTASY FEST festival, including the use of a variation of Plaintiff's marks FANTASY FEST and identical to HABITAT FOR INSANITY;

43. Defendant Kinsey has prominently displayed a minor variant of Plaintiff's FANTASY FEST mark and HABITAT FOR INSANITY mark on the Zazzle web site with the likelihood that Plaintiff's customers would think there is an association, connection, or sponsorship with Fantasy Fest;

44. Defendant and Plaintiff simultaneously advertised products on websites bearing the words HABITAT FOR INSANITY on its merchandise, including t-shirts, and in October 2010, both websites appeared next to, or in close proximity to each other on the internet;

45. Defendant Kinsey has used a colorable imitation of the registered FANTASY FEST name and the HABITAT FOR INSANITY mark on the Zazzle web site;

4

46. Defendant's said acts have the effect of representing to the public through Zazzle's website that his goods were related as to source, origin, or sponsorship with Plaintiff's genuine FANTASY FEST and HABITAT FOR INSANITY festival clothing;

47. Defendant Kinsey, without authorization from Plaintiff, has used designations that are identical to, or substantially indistinguishable from Fantasy Fest's trademarks;

48. Fantasy Fest is an annual event which takes place the last ten days of October, and in the month of October, 2010 and as part of the registration process, Kinsey chose the username "fantasyfest" and consequently conducted marketing on the Zazzle website, which identified the seller as "fantasyfest."

49. Prior to said marketing of products through Zazzle bearing the words "Habitat for Insanity," Kinsey knew that the event known as Fantasy Fest took place each and every year the last 10 days of October and Kinsey knew that the Fantasy Fest theme for 2010 was "Habitat for Insanity."

B. The Court further finds that Defendant set up a "fantasy fest" store on the Zazzle web site in competition with Plaintiff.

C. The Court finds that, under his "fantasy fest" store, Defendant used Plaintiff's Marks and in connection with Plaintiff's Marks offered for sale:

1. baby t-shirts;
2. kid's t-shirts;
3. ladies t-shirts;
4. men's t-shirts;
5. pet shirts;
6. bags;
7. hooded sweatshirts;
8. hats;
9. bumper stickers;
10. mugs.

D. The Court finds that Defendant did not have any license to use Plaintiff's Marks.

5

E.  The Court finds that Plaintiff owns valid and enforceable trademark registrations, trademarks, and service marks for FANTASY FEST and HABITAT FOR INSANITY.

F.  The Court finds that the following Plaintiff's trademarks and service marks and trademark registrations are valid and enforceable and infringed by Defendant:

    1. U.S. Trademark Registration No. 1,703,811, FANTASY FEST in International Class 41 for conducting a festival;

    2. U.S. Trademark Registration No. 2,272,177, FANTASY FEST in International Class 25 for clothing, namely t-shirts;

    3. U.S. Trademark Registration No. 2,758,951, FANTASY FEST in International Class 16 for printed matter, namely posters;

    4. Florida Trademark Registration No. T03000000246, FANTASY FEST in Class 25;

    5. Florida Trademark Registration No. T03000000247, FANTASY FEST in Class 16;

    6. Florida Trademark Registration No. T03000000248, FANTASY FEST in Class 41; and

    7. Florida Trademark Registration No. T03000000249, FANTASY FEST in Class 9.

G.  The Court finds that Defendant has engaged in trademark counterfeiting of the three U.S. trademark registrations of Plaintiff for FANTASY FEST.

H.  The Court finds that Defendant has offered for sale eleven (11) types of counterfeit goods and services that infringe the three U.S. trademark registrations of Plaintiff for FANTASY FEST.

I. The Court finds that Defendant willfully, intentionally, and fraudulently used the Plaintiff's registered FANTASY FEST marks, knowing such marks were counterfeit marks, as defined in 15 U.S.C. § 1116, in connection with the sale, offering for sale, or distribution of goods and services by Defendant.

J. The Court finds that Defendant willfully, intentionally, and fraudulently provided goods and services necessary to the commission of a violation specified in counterfeit marks, as defined in 15 U.S.C. § 1116, with the intent that the recipient of the Defendant's goods or services would put the goods or services to use in committing the violation.

K. The Court finds that Defendant has willfully, intentionally and fraudulently infringed Plaintiff's federally registered trademarks and service marks.

L. The Court finds that Defendant has willfully, intentionally, and fraudulently infringed Plaintiff's Florida registered trademarks and service marks for FANTASY FEST and HABITAT FOR INSANITY.

M. The Court finds that Defendant has willfully infringed Plaintiff's common law trademarks and service marks for FANTASY FEST and HABITAT FOR INSANITY.

N. The Court finds that Defendant has used a false designation of origin or source under 15 U.S.C. § 1125.

O. The Court finds that Defendant has diluted Plaintiff's famous FANTASY FEST marks under 15 U.S.C. § 1125.

P. The Court finds that Defendant has engaged in palming off by using the FANTASY FEST and HABITAT FOR INSANITY marks.

Q. The Court finds that Defendant has diluted Plaintiff's famous FANTASY FEST marks under Fla. Stat. § 495.151.

R.  The Court finds that Plaintiff's marks "FANTASY FEST" and "HABITAT FOR INSANITY" are famous and strong marks.

## APPLICABLE LAW

S.  15 U.S.C. § 1116(d)(1)(B)(i) defines a "counterfeit mark" as:

> [A] counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered.

T.  15 U.S.C. § 1117(b)-(c) provides the following remedies for trademark counterfeiting:

> (b) Treble damages for use of counterfeit mark
> In assessing damages under subsection (a) for any violation of section 1114(1)(a) of this title or section 220506 of title 36, in a case involving use of a counterfeit mark or designation (as defined in section 1116(d) of this title), the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater, together with a reasonable attorney's fee, if the violation consists of—
>
> (1) intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark (as defined in section 1116(d) of this title), in connection with the sale, offering for sale, or distribution of goods or services; or
> (2) providing goods or services necessary to the commission of a violation specified in paragraph (1), with the intent that the recipient of the goods or services would put the goods or services to use in committing the violation.
>
> In such a case, the court may award prejudgment interest on such amount at an annual interest rate established under section 6621(a)(2) of title 26, beginning on the date of the service of the claimant's pleadings setting forth the claim for such entry of judgment and ending on the date such entry is made, or for such shorter time as the court considers appropriate.
>
> (c) Statutory damages for use of counterfeit marks
> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."

## FURTHER FINDINGS

U. The Court finds that Defendant has diluted Plaintiff's famous and strong FANTASY FEST federal and state registered marks.

V. The Court finds that Defendant has willfully, intentionally, and fraudulently infringed Plaintiff's Florida trademark registrations and is entitled to the following remedies of marks under Fla. Stat. § 495.141:

(1) Any owner of a mark registered under this chapter may proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations thereof and any court of competent jurisdiction may grant injunctions to restrain such manufacture, use, display or sale as may be by the said court deemed just and reasonable, and may require the defendants to pay to such owner all profits derived from and/or all damages suffered by reason of such wrongful manufacture, use, display or sale and to pay the costs of the action; and such court may also order that any such counterfeits or imitations in the possession or under the control of any defendant in such case be delivered to an officer of the court, or to the complainant, to be destroyed. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding 3 times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

W. The Court finds that Defendant has engaged in unfair competition in violation of the laws of the State of Florida.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that pursuant to the U.S. Trademark Laws and the common and statutory laws of the State of Florida, Defendant William D. Kinsey, Jr. a/k/a Wil D. Kinsey, his officers, agents, employees, attorneys, successors, sales representatives, agents, co-conspirators and assigns, and all others in privity or acting in concert or active participation with Kinsey, are permanently enjoined from:

9

1. Infringing the Plaintiff's following trade names and marks referred to herein as "Plaintiff's Marks:"

 (a) U.S. Trademark Registration No. 1,703,811;

 (b) U.S. Trademark Registration No. 2,272,177;

 (c) U.S. Trademark Registration No. 2,758,951;

 (d) Florida Trademark Registration No. 925,823;

 (e) Florida Trademark Registration No. T03000000246;

 (f) Florida Trademark Registration No. T03000000247;

 (g) Florida Trademark Registration No. T03000000248;

 (h) Florida Trademark Registration No. T03000000249;

 (i) FANTASY FEST;

 (j) HABITAT FOR INSANITY.

2. Counterfeiting the FANTASY FEST federal and state registered marks. Directly or indirectly manufacturing, distributing, advertising, marketing, or selling Defendant's goods and services in any fashion which would state, imply, or suggest that such products originate from Plaintiff or are associated with or come from the same source as the Plaintiff's Marks;

3. Inducing or enabling others to directly or indirectly manufacture, distribute, advertise, market, or sell one or more infringing goods and services under Plaintiff's Marks or any confusingly similar mark to Plaintiff's Marks;

4. Making or inducing others to make any false, misleading, or deceptive statement of fact, or representation of fact, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of one or more infringing services or goods in such fashion as to suggest that such infringing services or goods is

connected with or associated with or sponsored by Plaintiff or that he is an authorized reseller or distributor of Plaintiff's goods or services;

5. Directly or indirectly selling or offering for sale t-shirts or mugs or other goods bearing Plaintiff's Marks namely "FANTASY FEST" and "HABITAT FOR INSANITY" on websites or through other businesses unless they are authorized dealers or distributors of Plaintiff's goods;

6. Directly or indirectly falsely designating the origin of the Defendant's goods and services by using facsimiles of the Plaintiff's Marks;

7. Inducing others to directly or indirectly falsely designate the origin of the Defendant's goods and services by using facsimiles of the Plaintiff's Marks;

8. Making or inducing others to make any false, misleading, or deceptive statement of fact, or representation of fact, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of the Defendant's goods and services as to the origin or source of the Defendant's goods and services so as to cause consumers to believe that Plaintiff's genuine FANTASY FEST and HABITAT FOR INSANITY goods and services and the Defendant's goods and services come from the same origin or source, or that Plaintiff sponsors or approves the Defendant's goods and services, or that Plaintiff and the Defendant are somehow affiliated, connected, or associated with one another by using facsimiles of the Plaintiff's Marks; and

9. Diluting the distinctive quality of Plaintiff's FANTASY FEST marks.

It is further **ORDERED** that the Court shall reserve jurisdiction, upon appropriate motion, for the determination of damages, costs, and attorneys' fees, and shall have continuing jurisdiction for the enforcement of the Final Judgment.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 13th day of February 2012.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record